### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

**ARIEL NELSON,**
    Plaintiff,

v.

**MISTRAS GROUP, INC.,**
    Defendant.



FILED

JUL 2 4 2025

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

**CIVIL ACTION NO. 4:25-cv-00757-RWS-JBB**

## FIRST AMENDED COMPLAINT

**(Race Discrimination & Retaliation under 42 U.S.C. § 1981)**

Plaintiff Ariel Nelson (pro se), an African-American female, brings claims against Mistras Group, Inc. for unlawful race discrimination and retaliation under 42 U.S.C. § 1981. Plaintiff alleges she was discriminatorily reassigned from her position and subsequently terminated, while similarly situated non-Black colleagues remained in their formal roles and were not subjected to such adverse actions. Plaintiff asserts that the adverse actions described herein would not have occurred but for her race and her opposition to disparate treatment.

## I. JURISDICTION & VENUE

1. Jurisdiction exists under 28 U.S.C. § 1331 and 42 U.S.C. § 1981.
2. Venue is proper in this court under 28 U.S.C. § 1391(b)(2), as Plaintiff worked remotely from Collin County, Texas, and all relevant effects occurred there.

## II. PARTIES

3. **Plaintiff** Ariel Nelson is a U.S. citizen and resident of Allen, Texas (Collin Co.), who worked remotely from Frisco.
4. **Defendant** Mistras Group, Inc. is a New Jersey corporation with its headquarters at 195 Clarksville Road, Princeton Junction, NJ 08550.

## III. FACTUAL ALLEGATIONS

### A. Employment & Reassignment

5. Plaintiff began as a contract regional recruiter in Sept. 2021 and was promoted in Feb. 2022 to Central Regional Staffing Coordinator, performing regional recruitment duties with measurable hiring targets.

6. In or around November 2022, Defendant involuntarily removed Plaintiff from her formal regional staffing position and reassigned her to the "Veterans Hiring Initiative," an individualized, project-based assignment that lacked defined geographic scope, established workflow, or benchmarks. This position was not analogous to the standard team-based regional recruitment model and did not provide Plaintiff with a clear or viable path to return to her prior formal role despite continued business need for regional recruitment.

7. Non-Black, similarly situated colleagues; Lauren Salman, Amanda Barlow, Genevieve Fernandez, and Michelle Hoke, performed equivalent regional recruitment duties in comparable job titles, reporting to the same supervisory structure as Plaintiff. These colleagues remained in their original roles and were never reassigned to nonstandard projects, nor subjected to abrupt changes in performance quotas or treatment.

8. Plaintiff and Non-Black, similarly, situated colleagues operated transparently within the same department. Plaintiff participated in weekly company meetings and team calls with these comparators and had direct knowledge that none were subjected to the adverse actions imposed on her.

9. The reassignment disconnected Plaintiff from her prior duties, defined workflow, performance standards, opportunities for advancement, recognition, and all privileges associated with her chosen career track in her former role.

### B. Disparate Treatment & Hostile Work Environment

10. While assigned to the Veterans initiative Plaintiff experienced repeated diminishment of her work and contributions on group calls, including frequent displays of disapproval. At the same time, she was assigned increased responsibilities that exceeded the scope of traditional recruitment duties performed by similarly situated non-Black

11. Assignments and initiatives led by Plaintiff were given no priority or organizational backing, even when explicitly requested, whereas those of Non-Black, similarly, situated colleagues received observable support and resources within their respective roles.

12. On or about March 2022, while facilitating a biweekly Veterans Hiring Initiative meeting, Plaintiff noted there was insufficient company buy-in and managerial support, which demonstrably impaired both the initiative's results and Plaintiff's ability to succeed. Plaintiff proposed sending a company-wide memo and submitted a draft to the Vice President of Human Resources, Julie Marini, Talent Acquisition Manager, Kelly Terry, and Senior Group Vice President of Operations, John Smith, for executive approval. Plaintiff received no response, acknowledgment, or indication of any course of action.

13. Over time, Plaintiff's work-related emails, text messages, and calls regarding the initiative and other critical workplace matters were routinely ignored.
14. Failure by management to recognize Plaintiff's efforts and extend support resulted in a diminished employment value and professional standing compared to peers.
15. Plaintiff raised concerns regarding the initiative, specifically in bi-weekly meetings, but the Defendant failed to acknowledge the concerns or conduct any remedial action.

## C. Termination

16. In June 2023, Plaintiff received an unscheduled performance appraisal with Julie Marini that introduced daily quotas and hiring targets not previously disclosed or uniformly applied to non-Black comparators in equivalent roles. The appraisal also contained discrepancies and failed to reflect Plaintiff's reported contributions.
17. Plaintiff's workload was defined as "much lighter" than that of comparators, despite being required to deliver national-level support.
18. On June 23, 2023, Plaintiff submitted a written rebuttal to the appraisal. The rebuttal, directed to the Vice President of Human Resources and additional decision-makers, challenged the accuracy, fairness, standards of evaluation, and actions believed to be disparate and unlawful.
19. Defendant ignored the rebuttal and failed to follow its own dispute-resolution policies requiring prompt response and investigation.
**20.** On July 21, 2023, less than 30 days after the submission of the rebuttal, Plaintiff was terminated under the stated reason of "position elimination." During this call with John Smith and Julie Marini the Defendant offered a severance package and uncontested unemployment benefits**. (see Exhibit A)**
21. Defendant later cited during EEOC proceedings, "job abandonment" and "performance issues," as the reasons for termination. Inconsistent with the original rationale, indicating pretext. **(see Exhibit B)**

# IV. CLAIMS FOR RELIEF

## COUNT I – RACE DISCRIMINATION (42 U.S.C. § 1981)

22. Plaintiff is a protected class member.
23. Plaintiff suffered materially adverse employment actions (reassignment, unfair quotas, termination), as defined by Hamilton v. Dallas Cnty., 79 F.4th 494 (5th Cir. 2023).
24. Non-Black Comparators were "similarly situated in all material respects," per Lee v. Kansas City S. Ry. Co., 574 F.3d 253, 259–60 (5th Cir. 2009), retained their formal roles, were not reassigned, subjected to new quotas or hiring metrics without notice or terminated, each materially affecting the terms and privileges of her employment.

25. At no time were these comparators disciplined, penalized, or terminated for any reason similar to those cited for Plaintiff, despite performing materially indistinguishable recruitment functions and working under the same management team.
26. Defendant's given reasons for Plaintiff's termination shifted from "position elimination" to "job abandonment" and "performance issues", indicating pretext. Inconsistencies in justification are recognized as evidence of discriminatory motive. Wilkinson v. Maverick Transp., LLC, No. 22-10414 (5th Cir. Oct. 5, 2023).
27. These actions violated § 1981 materially altering the privileges and terms of Plaintiff's employment based on race.

## COUNT II – HOSTILE WORK ENVIRONMENT (42 U.S.C. § 1981)

28. Defendant subjected Plaintiff to a pervasive pattern of exclusion and hostile treatment severe or pervasive enough to materially interfere with Plaintiff's ability to enjoy equal employment opportunities beginning from her reassignment.
29. The cumulative effect of ignored communications, refusal of support, isolation, increased responsibility and scrutiny significantly altered the psychological and professional environment for Plaintiff altering the terms, conditions, and privileges of Plaintiff's employment contributing to a "severe or pervasive" hostile work environment under § 1981 and controlling Fifth Circuit authority (see Saketkoo v. Admins. of Tulane Educ. Fund, 31 F.4th 990, 1003 (5th Cir. 2022). Particularly when non-Black employees do not experience such conduct.
30. Defendant thereby created and maintained a hostile work environment in violation of 42 U.S.C. § 1981.

## COUNT III – RETALIATION (42 U.S.C. § 1981)

31. Plaintiff engaged in protected activity by submitting a good-faith rebuttal to disparate treatment. This rebuttal was directed to decision-makers, including the Vice President of Human Resources, and qualifies as protected opposition under Wallace v. Performance Contractors, 57 F.4th 209, 221 (5th Cir. 2023).
32. Termination ensued within 30 days after submitting the rebuttal. The short temporal proximity supports an inference of causation. See Scott v. U.S. Postal Service, 11 F.4th 301, 310 (5th Cir. 2021).
33. Defendant's failure to respond and shifting reasons for termination, support a finding of pretext and retaliatory motive.

# V. DAMAGES

Plaintiff suffered:

- Lost wages, benefits, and future earnings;

- Emotional distress and mental anguish;
- Loss of housing, credit, and stability;
- Career and reputational damage.

# VI. RELIEF REQUESTED

Plaintiff seeks:

- Back pay & front pay;
- Compensatory & punitive damages;
- Court costs, litigation expenses, and attorney's fees;
- Interest, equitable relief, and any further relief just and proper.

# VII. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all triable issues.

## AI USAGE DISCLOSURE

In compliance with the Court's standing order, generative AI (ChatGPT) and (Perplexity) assisted in drafting; Plaintiff reviewed and approved all content.

**Respectfully submitted,**

Ariel Nelson, Pro Se
351 Chaparral Rd #1305
Allen, TX 75022
(469) 254-0404 · Ariel.dennis14@gmail.com
**Date:** July 24, 2025