**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ARIEL NELSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-757-RWS-JBB |
| | § | |
| MISTRAS GROUP INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

The above-captioned case was referred to United States Magistrate Judge James B. Baxter pursuant to 28 U.S.C. § 636(b)(1). Before the Court is Plaintiff's Objection to Magistrate Judge Baxter's Report and Recommendation to Mistras Group, Inc.'s Motion for Summary Judgment (Docket No. 60).[1] Docket No. 66.

**BACKGROUND**

Plaintiff Ariel Nelson, proceeding *pro se*, filed her original complaint against Defendant Mistras Group, Inc. on May 20, 2025 in the Northern District of Texas. *See* Docket No. 3. Shortly thereafter, the matter was transferred to the Eastern District of Texas. *See* Docket. No. 10. Plaintiff later amended her complaint, asserting three causes of action against Defendant under 42 U.S.C. § 1981: race discrimination, hostile work environment, and retaliation. *See* Docket. No. 44. Nelson, an African-American, alleges she was discriminatorily reassigned from her position, subjected to unfair standards and treatment during that employment, and ultimately terminated by

---

[1] On July 27, 2026, Plaintiff filed a Motion for Leave to File a Reply to Defendants' Response to Plaintiff's Objections (Docket No. 68) and a Reply to Defendants' Response to Plaintiff's Objections to the Report and Recommendation (Docket No. 69). The Court **GRANTS** Plaintiff's motion for leave (Docket No. 68) and considers the reply (Docket No. 69) along with Plaintiff's objections (Docket No. 60).

Defendant, her former employer, because of her race, all in violation of Section 1981. *See* Docket. No. 44. Defendant filed a motion to dismiss all three counts of Plaintiff's lawsuit for failure to state a claim, pursuant to Rule 12(b)(6). Docket No. 46. On March 27, 2026, the magistrate judge entered a report and recommendation, recommending Defendant's motion to dismiss be denied in its entirety. Docket No. 57. Defendant subsequently filed its objections to the report and recommendation. Docket No. 59. Those objections have not yet been ruled upon by the Court.

On April 20, 2026, Defendant moved for summary judgment, seeking to dismiss all three of Plaintiff's causes of action. Docket No. 60. The magistrate judge recommended granting Defendant's motion and dismissing Plaintiff's lawsuit. Docket No. 64. Plaintiff subsequently filed her objections to the report and recommendation. Docket No. 66.

**LEGAL STANDARDS**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "show[] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to

interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex*, 477 U.S. at 323. To meet its burden, the moving party must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the non-moving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense. *Vallecillo v. Wells Fargo Bank, N.A.*, Civil Action No. 5:16-CV-935-DAE, 2018 WL 3603120, at *2 (W.D. Tex. May 15, 2018) (citing *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990)). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Anderson*, 477 U.S. at 248–49).

The trial court must consider all the evidence but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). All facts and inferences drawn from those facts must be viewed in the light favorable to the party resisting the motion for summary judgment. *Mission Pharmacal Co. v. Virtus Pharm., LLC*, 23 F. Supp. 3d 748, 756 (W.D. Tex. 2014) (citing *Scott v. Harris*, 550 U.S. 372, 378 (2007)). "The court need consider only the cited materials, but it may consider other materials in the record." *Id.* at 756–57 (quoting FED. R. CIV. P. 56(c)(3)).

**ANALYSIS**

Plaintiff objects[2] to the dismissal of each of her causes of action. Nominally, Nelson purports to lodge five separate objections.

[2] Plaintiff failed to timely file her objections, a fact she notes in the objections themselves. *See* Docket No. 66 at 2. However, there is no harm in analyzing her objections on the merits *de novo*.

## I. The Magistrate Judge Correctly Concluded that Plaintiff failed to Establish the Fourth Element of Her Prima Facia Race Discrimination Claim.

Nelson's first objection contains two distinct arguments: (i) the performance evaluations cannot be relied upon because Plaintiff disputes their accuracy; and (ii) Plaintiff's reassignment was, itself, unfavorable treatment. Docket No. 66 at 3–4.

### A. Performance Evaluations

The report and recommendation concluded that Nelson failed to identify legitimate comparators for purposes of this analysis because her identified co-workers had substantially higher performance evaluation scores than she did. *See* Docket No. 64 at 8–9. Specifically, while Nelson received a score of 12 (out of 32), her identified co-workers received scores of 23, 24, 25, and 27, respectively. *See* Docket No. 60-4 at 2–3; Docket No. 60-5 at 2, 5, 7, 9. Nelson was scored in the "Below Expectations" category, while her co-workers were scored in the "Exceeds Expectations" category. *See* Docket No. 60-4 at 2–3; Docket. No. 60-5 at 2, 5, 7, 9. Nelson argues the reliance on these performance evaluations was improper primarily because she "disputes the reliability of the evaluation process itself." *See* Docket No. 66 at 3. According to Nelson, the fact that she "contemporaneously challenged the accuracy of her [performance] appraisal" provides evidentiary support to create a genuine dispute of material fact at summary judgment. *Id.*

Nelson's argument is insufficient to demonstrate the existence of a fact question. First, the performance evaluations are essentially the only objective evidence in the record that speaks to the relative performance of Nelson and her identified comparators. While Nelson's objections accurately point out that she submitted a written rebuttal to her evaluation shortly after it occurred, this rebuttal does little to call into question the accuracy of the evaluation. *See* Docket No. 60-4 at 5–7. Rather, it primarily communicates Nelson's unhappiness with the standards used to evaluate

her, including her chief complaint that she was ill-informed of her employer's expectations related to her job performance. *Id.*

Importantly, on its face, Nelson's rebuttal does not seem to allege that Mistras's evaluation of her performance was inaccurate. *See id.* Instead, Nelson's rebuttal primarily complains that she was not sufficiently made aware of the standards by which she would be evaluated. *See id.* In other words, Nelson's rebuttal largely explains the reasons *why* her performance was poor. It does not seem to dispute Mistras's basic assertion in the evaluation that her performance was, in fact, poor based on the metrics used to evaluate her. Moreover, Nelson does not identify any evidence in the record to support a finding that her performance was actually better than her evaluation score suggests. Put simply, the fact that Nelson "disputes" these evaluations is not, by itself, sufficient evidence to demonstrate the existence of a genuine dispute of a material fact at summary judgment. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (holding a genuine dispute of material fact generally only exists "when both parties have submitted evidence of contradictory facts"). Because the performance evaluations in the record could only support a conclusion that Nelson's job performance was significantly below that of her identified co-workers, Nelson cannot point to any affirmative evidence that there are legitimate comparators treated more favorably than her.

**B. The Reassignment as Less Favorable Treatment**

Nelson also asserts that "a reasonable jury could conclude that Plaintiff was treated less favorably than her non-Black peers" by virtue of her involuntary reassignment. Docket No. 66 at 4. To be clear, the report and recommendation makes no finding as to whether the transfer qualifies as an adverse employment action (although it likely would, *see Hamilton v. Dall. Cnty.*, 79 F.4th 494, 506 (5th Cir. 2023)). *See* Docket No. 64 at 5–8. Thus, much of Nelson's objection seems to argue against a conclusion that the report and recommendation did not reach. In any event,

Nelson's objection here runs into the exact same problem as the first. Namely, she cannot identify any valid comparators using evidence in the record. Nelson's argument is essentially that she was treated less favorably than her co-workers because she was the only Black staff member of the team, and she was the only individual reassigned. *See* Docket No. 66 at 4–5. Such an allegation may be sufficient to survive a 12(b)(6) motion, *see* Dkt. No. 57, but ultimately, it is Plaintiff's burden to prove that the non-Black identified comparators are similarly situated, *see Perez v. Tex. Dep't of Crim. Just., Institutional Div.*, 395 F.3d 206, 213 (5th Cir. 2004), and at summary judgment, that requires the identification of evidence in the record. *See Byers*, 209 F.3d at 424. The only evidence in the record indicates that they were not.

For the above reasons, the Court hereby **OVERRULES** Plaintiff's objections to the magistrate judge's report and recommendation with respect to the race discrimination claim.

## II. The Magistrate Judge Correctly Concluded that there is no Evidence to Support Plaintiff's Allegations.

Nelson's next objection rests largely upon a footnote that was not dispositive in the report and recommendation's analysis. Specifically, it noted that "the only evidence in the record suggests [Nelson's] co-workers may have been subject to quotes or similarly defined expectations in their respective positions as well." Docket No. 64 at 6 n.3. Nelson argues therefore that "[t]he Report resolves [the quota] dispute by presuming that because comparator employees received positive evaluations, they must have been subject to equivalent standards." Docket No. 66 at 7.

First, the report and recommendation draw no such conclusion. Rather, it simply noted that there is no evidence to support Plaintiff's allegations, and, in fact, the only evidence in the record may even support the opposite conclusion. *See* Docket No. 64 at 6 n.3. Importantly though, the first half of that conclusion is all that is required to discount the allegation at summary judgment, which is where the report and recommendation focused its analysis. *See* Docket No. 64 at 6–7. In

her objections, Nelson argues that "[t]he absence of such documentation [of the quotas] does not establish that identical standards necessarily existed." Docket No. 66 at 7. Even assuming this was true, it is not, by itself, sufficient to survive summary judgment. *See Little*, 37 F.3d at 1075 (stating courts "do not, [] in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts"). Nelson has the burden of proof in this case. Accordingly, her allegations must be supported with at least some evidence to survive Defendant's motion.

For the above reasons, the Court hereby **OVERRULES** Plaintiff's objections to the magistrate judge's report and recommendation with respect to the allegations of selective application of performance standards.

## III. The Magistrate Judge Correctly Concluded that there is Insufficient Evidence to Show Defendant's Proffered Reason is Pretextual.

Nelson next argues that the report and recommendation should not have concluded "that Defendant's explanation [for her termination] is sufficiently supported by the record to warrant summary judgment." Docket No. 66 at 7. Nelson essentially asserts that the report and recommendation accepts the performance evaluation as fact of Nelson's poor performance even though the record, viewed as a whole, presents "competing reasonable inferences." *Id.* at 8.

This objection is only relevant if the Court finds Nelson provided sufficient evidence to support a prima facie case, which it does not. The objection challenges the report and recommendation's conclusion on pretext, a step of the *McDonnell Douglas* analysis that is not reached if the plaintiff fails to support a prima facie case of discrimination. *See Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) ("Under this test, the plaintiff must first establish a *prima facie* case of discrimination, and if she successfully does so, the defendant shall respond by setting forth its legitimate, non-discriminatory reason for its decision.").

Nelson's objection is largely a rehashing of the same argument she makes in the first two because she "disputes" her performance evaluation. Docket No. 66 at 8. The issue with that argument is simply that there is no legitimate *evidence* in the record to contradict the accuracy of the evaluation. *See supra* Sections I and II.

Nelson raises an additional argument in this objection, regarding her termination. Notably, she contends that Mistras's two different explanations provided for her termination could support an inference of pretext. *See* Docket No. 66 at 9. Mistras told the Equal Employment Opportunity Commission ("EEOC") Nelson was terminated for poor performance, but provided an employment verification letter stating her position had been eliminated from the company and noting she departed "in good standing." *See* Docket No. 61-5 at 5 (letter to the EEOC); Docket No. 61-7 at 2 (employment verification letter). However, these proffered reasons are not contradictory enough to conclude they are truly "inconsistent," as Nelson's employment verification letter provided no details as to the substance of her performance while employed with Mistras. *See* Docket No. 61-7 at 2; *Assariathu v. Lone Star Health Mgmt. Assocs.*, L.P., 516 F. App'x 315, 321 (5th Cir. 2013) (quoting *Bienkowski v. Am. Airlines,* 851 F.2d 1503, 1508 n. 6 (5th Cir.1988)) (affirming summary judgment with respect to plaintiffs' arguments that "inconsistent reasons for their termination raise a fact issue" because "[m]erely casting doubt on the employer's articulated reason does not suffice to meet the plaintiff's burden of demonstrating discriminatory intent."). Even if the Court were to assume, *arguendo*, that Nelson has presented some evidence showing Mistras's reasons were pretextual, her evidence of pretext does not support an inference that intentional racial discrimination was the real reason for the termination. Ultimately, the only evidence in the record supports a finding that her performance was poor and that her position was eliminated after her termination. Thus, there is insufficient evidence to support a finding of pretext.

For the above reasons, the Court hereby **OVERRULES** Plaintiff's objections to the magistrate judge's report and recommendation that there is insufficient evidence to conclude the Defendant's proffered reason was pretextual.

## IV. The Magistrate Judge Correctly Concluded that Plaintiff Failed to Produce Evidence Supporting Her Retaliation Claim.

Nelson next objects to the report and recommendation's conclusion that Nelson's rebuttal failed to make a complaint of racially discriminatory treatment, and, therefore, she did not engage in a protected activity under § 1981. *See* Docket No. 66 at 10. In her objection, Nelson claims her rebuttal "oppos[ed] the legitimacy of the evaluation process itself." *See id.* at 11. Nelson essentially urges that because she was the only Black employee in the talent acquisition group, Mistras would have understood her rebuttal to be complaining of racially discriminatory practices. *See id.* at 10.

Nelson's rebuttal complains of perceived unfair treatment by her employer. *See generally* Docket No. 60-4 at 5–6. However, there is simply no indication from the face of Nelson's rebuttal that she was alleging disparate treatment based on her race. *See Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 493 (5th Cir. 2011) ("[A] vague complaint, without any reference to an unlawful employment practice . . . does not constitute a protected activity."); *Tratree v. BP N. Am. Pipelines, Inc.*, 227 F. App'x 390, 395 (5th Cir. 2008) ("Complaining about unfair treatment without specifying why the treatment is unfair [] is not a protected activity."). A retaliation claim brought under § 1981 must involve a complaint related to racial discrimination. In other words, it is insufficient that an employee complains of unfair treatment and is then terminated. Rather, under § 1981, an employee must complain about unfair treatment *based on her race* and then be terminated. Otherwise, no protected activity occurred. Because there is no evidence Nelson complained about disparate treatment based on race to her employer, her § 1981 retaliation claim must be dismissed on summary judgment.

For the above reasons, the Court hereby **OVERRULES** Plaintiff's objections to the magistrate judge's report and recommendation that Plaintiff produced no evidence of a genuine dispute of material fact to support her retaliation claim.

**V. The Magistrate Judge Correctly Concluded that Plaintiff Failed to Produce Evidence Supporting Her Hostile Work Environment Claim.**

Nelson's final objection argues the report and recommendation dismissed her hostile work environment claim "by evaluating each challenged event independently rather than considering the cumulative working conductions reflected in the summary judgment record, contrary to the totality-of-the-circumstances analysis required" under relevant caselaw. Docket No. 66 at 12.

The most significant events that make up Nelson's claim of hostile work environment include her involuntary transfer and her termination. Docket No. 61 at 11; Docket No. 69 ECF at 6. Nelson does not identify evidence to prove that the alleged harassment she suffered was based on her race. *See supra* Sections III, IV. Additionally, the events (*i.e.*, Nelson's reassignment and termination) are similarly insufficient to support a hostile work environment claim. While Nelson makes some additional allegations about ignored communications and general mistreatment in the workplace, she can point to no evidence in the record to support a finding that these events—to the extent they took place—were racially motivated. *See* Docket No. 66 at 12.

For the above reasons, the Court hereby **OVERRULES** Plaintiff's objections to the magistrate judge's report and recommendation that Plaintiff produced no evidence of a genuine dispute of material fact to support her hostile environment claim.

**CONCLUSION**

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which Plaintiff objected. *See* 28 U.S.C. § 636(b)(1)(C) (district judge shall "make a *de novo* determination of those portions of the report

or specified proposed findings or recommendations to which objection is made.”). After review, the Court concludes that the report and recommendation of the magistrate judge is correct and Plaintiff’s objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff’s objections (Docket No. 66) are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 64) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Defendant’s motion for summary judgment (Docket No. 60) is **GRANTED** and the matter is **DISMISSED WITH PREJUDICE**. As no other claims remain pending, the Court will enter a separate final judgment.

**So ORDERED and SIGNED this 2nd day of September, 2026.**

Robert W Schroeder III

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE